THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DAVID J. PÉREZ ARRITOLA,**

    **Plaintiff,**

**v.**

**CARLOS GARCÍA MUÑIZ, et al.,**

    **Defendants.**

Civ. No. 3:22-cv-01507 (MAJ)

## OPINION AND ORDER

Pending before the Court is Co-defendant Carlos García's ("García") Motion to Remand (**ECF No. 36**). For the reasons set forth below, the Motion to Remand is **GRANTED**, and Plaintiff's Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. (**ECF No. 18**).

    **I.**    **Factual and Procedural Background**

On May 16, 2022, Plaintiff David J. Pérez Arritola ("Plaintiff" or "Arritola") filed various state law claims against several Defendants before the Puerto Rico Court of First Instance, San Juan Superior Court.[1] ("Commonwealth Court") (**ECF No. 1-2**). Plaintiff and several Defendants are former business partners of Plaza de Diego, S.E., a business entity organized under the laws of the Commonwealth of Puerto Rico. *Id.* Plaintiff alleges, asserting his rights and those of the partnership, that Defendants breached their fiduciary duties by engaging in self-dealing regarding the sale of real property and the development of a housing development. *Id.* Moreover, Plaintiff alleges Defendants inappropriately dissolved the partnership. *Id.* As such, Plaintiff's initial complaint before the Commonwealth Court sought the unwinding of the real property sale; monetary damages for Defendants' alleged breach of fiduciary duties; and injunctive relief. *Id.* In sum, Plaintiff's claims fall generally under Title 31 of Puerto Rico Civil Code which governs issues

---

[1] Under 28 U.S.C. § 1367(e) "the term 'State' includes . . . the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. 28 U.S.C. § 1367(e).

such as corporate governance, real property, and contracts. *See generally*, P.R. Laws Ann. tit. 31, §§ 1 — 5305.

After Plaintiff filed his complaint in the Commonwealth Court, co-defendant the United States Department of Housing and Urban Development, ("HUD"), filed a Notice of Removal asserting this Court has jurisdiction over Plaintiff's claims according to 28 U.S.C. § 1442. ("§ 1442") (**ECF No. 1**).[2] Known as the "federal officer removal statute" § 1442(a)(1), it allows for a defendant to remove a case commenced in state court, against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) . . . for or relating to any act under color of such office." *See* 28 U.S.C. § 1442(a)(1).[3] HUD based its Notice of Removal on the amended complaint Plaintiff filed before the Commonwealth Court. (**ECF Nos. 1, 1-1**).

Immediately thereafter, co-defendants Carlos García, Horizontes Development Retirement Plan Trust, Plaza de Diego S.E., and MAC Development Corp. immediately filed a Motion to Remand. (**ECF No. 5**). Co-defendant's request for remand was joined by co-defendant De Diego Village, LLC. (**ECF No. 8**).

In lieu of opposing the request for remand, Plaintiff once again amended his complaint, though did so without leave of the Court. (**ECF No. 18**). That amended complaint stylized as "Second Amended Complaint"; reasserted the state law claims Plaintiff first made before the

---

[2] The Notice of Removal claimed the existence of federal question jurisdiction as the basis for removal. (**ECF No. 1**). The First Circuit has held that "[t]he gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry -- the 'well—pleaded complaint rule' -- which, in general, prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint." *BIW Deceived v. Local S6, Indus. Un. of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997). Simply put, "the court is to look only to plaintiff's complaint to find" whether federal question jurisdiction exists. *Rosselló-González v. Calderón-Serra*, 398 F.3d 1, 10 (1st Cir. 2004) (internal citations omitted). When determining whether a federal question is implicated, the court is typically limited to plaintiff's state court complaint that triggered the removal. *Danca v. Priv. Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). The Court cannot look at a defense that raises a federal question, for it is "inadequate to confer federal jurisdiction." *Banco Popular de Puerto Rico v. Ramirez*, 280 F. Supp. 3d 316, 319 (D.P.R. 2017). Nonetheless, given the implications of the instant motion, the Court will refrain from determining whether Plaintiff's Complaint sufficiently presented a "federal claim or right" thereby allowing HUD to remove the action to federal court using the federal officer removal statute.

[3] The Court will forgo determining whether removal was appropriate under the federal officer removal statute considering the instant motion.

Commonwealth Court. (**ECF Nos. 1-1, 18**). Plaintiff also sought relief from this Court based on Defendants' purported violations of "Puerto Rico's Civil Code, 31 P.R. Laws Ann. §3018 and §3052." (**ECF No. 18 at 3**). In addition, Plaintiff contended this Court had supplemental jurisdiction to hear his state law claims, based on 28 U.S.C. § 1367, because "they are also [sic] related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution." *Id*.

On November 17, 2022, HUD, the removing party, filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (**ECF No. 7**). Several weeks later, Plaintiff filed a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) dismissing all claims against HUD without prejudice. (**ECF No. 31**). Plaintiff noted it was moving for voluntary dismissal against HUD and accepted "**all the legal ramifications** that [the] dismissal may entail." *Id*. (emphasis added).

Now pending before the Court is Co-defendant García's Supplemental Motion to Remand. (**ECF No. 36**).[4] In brief, García seeks remand because following Plaintiff's voluntary dismissal of claims against HUD, all that is left for the Court to decide are "purely state law claims." *Id*. at 4. According to García, the Court should decline to exercise its supplemental jurisdiction and remand the remaining state law claims. *Id*. at 7-10. García's motion is unopposed.

## II.     Applicable Law

### (i)     Voluntary Dismissal

Fed. R. Civ. P. 41(a)(1)(A) permits a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The First Circuit explained that "'an action under Rule 41(a)(1)(A)(i) can refer to all claims a plaintiff has brought against a single defendant

---

[4]     Co-defendant García first moved for remand on November 11, 2022. (**ECF No. 5**) Co-defendant García then filed a Supplemental Motion to Remand on January 27, 2023, which is now pending before the Court. (**ECF No. 36**).

in a multi-defendant suit rather than only all claims against all defendants in such a suit." *Donahue v. Fannie Mae*, 971 F.3d 1, 3 (1st Cir. 2020).

Here, HUD filed a Motion to Dismiss in lieu of an answer to the Amended Complaint. (**ECF Nos. 7, 1-1**). The First Circuit has ruled that a motion to dismiss does not qualify as a responsive pleading. *Leonard v. Parry*, 219 F.3d 25, 30 (1st Cir. 2000). Thus, the Court finds that because Defendant HUD has not answered the complaint, nor filed a motion for summary judgment, Plaintiff has the right to voluntarily dismiss their claims against HUD without the need for an order from this Court. (**ECF No. 31**); *Donahue v. Fannie Mae*, 971 F.3d at 3; *Cruz-Mendez v. Hosp. Gen. Castaner, Inc.*, 637 F. Supp. 2d at 77 (ruling voluntary dismissal was warranted under Rule 41(a)(1)(A)(i) because the defendants' motion to dismiss was not considered a responsive pleading—nor an answer to the complaint—thus the court's permission was not required).

### (ii) Remand under 28 U.S.C. § 1367(c)(3)

We now turn to Co-Defendant García's Motion to Remand. (**ECF No. 36**). Under 28 U.S.C. § 1367(a) ("§ 1367(a)"), a federal district court may exercise supplemental jurisdiction over state-law claims that the court would not otherwise have subject matter jurisdiction to hear, provided the claims are part of the same case or controversy as the claims the court had original jurisdiction over. *See* 28 U.S.C. § 1367(a). Supplemental jurisdiction promotes judicial efficiency because a party's claims that arise from the same "nucleus" of facts can be decided in one trial by the federal court, rather than in two trials between a federal and a state court. *See Ortiz–Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc.,* 734 F.3d 28, 35 (1st Cir. 2013); *Diaz-Morales v. Rubio-Paredes*, 170 F. Supp. 3d 276, 290 (D.P.R. 2016).

That said, § 1367(c) enumerates instances a district court can decline to exercise supplemental jurisdiction over a claim it could have heard under § 1367(a). Among those occasions are: "(2) [if] the claim substantially predominates over the claim or claims over which

the district court has original jurisdiction" and "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §§ 1367(c)(2),(c)(3).

Indeed, "when all federal claims have been dismissed, it is an abuse of discretion for a district court to retain jurisdiction over the remaining pendent state law claims unless doing so would serve overriding interests including, 'fairness, judicial economy, convenience, and comity.'" *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 60 F.4th 9, 16 (1st Cir. 2023) (quoting *Desjardins v. Willard*, 777 F.3d 43, 45 (1st Cir. 2015)) see also *Wilber v. Curtis*, 872 F.3d 15, 23 (1st Cir. 2017) (if no federal claim remains—remaining state law claims are "better addressed by the state courts"); *Ramos-Echevarría v. Pichis, Inc.*, 659 F.3d 182, 191 (1st Cir. 2011) ("the district court did not abuse its discretion in dismissing" state law claims done so at the early stages of a suit).

Following the dismissal of HUD and its corresponding federal claim, the Court must resolve whether to retain jurisdiction over the remaining claims. *See Santana-Vargas v. Banco Santander Puerto Rico*, 948 F.3d 57, 61 (1st Cir. 2020); *Miller v. Town of Wenham Massachusetts*, 833 F.3d 46, 56 (1st Cir. 2016); *Robles-Rodriguez v. Municipality of Ceiba*, 531 F. Supp. 3d 474, 482 (D.P.R. 2021). "[T]he termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion."*Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256–57 (1st Cir. 1996). The trial court must factor in "concerns of comity, judicial economy, convenience, fairness, and the like." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 60 F.4th at 16. Accordingly, the Court will analyze Co-defendant Garcia's Motion to Remand by examining the aforementioned factors. *Id.*

At this juncture, the balance of factors weighs heavily towards declining jurisdiction over the remaining state law claims. *Miller v. Town of Wenham Massachusetts*, 833 F.3d at 56. When the foundational federal claims have been dismissed at an early stage in the litigation, the interests

of fairness and the like tilt heavily towards declining jurisdiction over state law claims. *Wilber v. Curtis*, 872 F.3d at 23; *Ramos-Echevarría v. Pichis, Inc.*, 659 F.3d at 191.

To elaborate, even after Plaintiff's voluntary dismissal of the only federal claim, the litigation here is still in its infancy. The court has set none of the milestone deadlines or settings, nor conducted discovery or a scheduling conference. *See e.g., Maldonado v. P.R. Indust. Mfg. Operation Corp.*, 352 F. Supp. 2d 161, 164 (D.P.R. 2004); *Labiosa-Herrera*, 153 F. Supp. 3d at 551 (the court exercised its discretion under § 1367(c)(3) to dismiss supplemental state law claims after the plaintiff's federal claims were disposed of early in the case). That was not the case with the Commonwealth claim.

The Motion to Remand stresses that in the Commonwealth claim "thousands of pages of documents have been exchanged in discovery, most of which are in the Spanish language and would have to be translated" for use before the Court. (**ECF No. 36 ¶ 37**). The parties would likely incur substantial costs in translating the discovery documents, which would hardly serve the interests of "judicial economy" or "convenience." *See* generally, *Zell v. Ricci*, 957 F.3d 1, 17 (1st Cir. 2020); *Lambert v. Fiorentini*, 949 F.3d 22, 29-30 (1st Cir. 2020). Further, the Commonwealth court has already held approximately two years of proceedings encompassing "over 200 entries", and remand would not "cause undue delay or duplicative effort." *See* (**ECF Nos. 36, 25 ¶ 4**); *Castro Ruiz v. Starwood Hotels & Resorts Worldwide, Inc.*, 12-cv-1174 (JAF) 2012 WL 3069404, at *3 (D.P.R. July 27, 2012) (citing *Tarr v. Town of Rockport*, 405 F. Supp. 2d 75, 78 (D. Mass. 2005)).

Finally, no party will suffer prejudice because of remand. To start, Plaintiff has not opposed the instant motion. Plaintiff's Notice for Voluntary Dismissal for all claims against HUD acknowledged that it "**accept[ed] all the legal ramifications** that [the] dismissal may entail." (**ECF No. 31**) (emphasis added). In fact, the only party that opposed remand was HUD, who is no longer a party to this case. Co-defendant De Diego Village moved to join Defendant García's initial motion to remand, noting "federal jurisdiction here is questionable." (**ECF No. 8 at 2**). By

the same token, Co-defendant Plaza De Diego, S.E., moved to strike Plaintiff's Second Amended Complaint based on "jurisdictional grounds." (**ECF No. 24**). All told, the remaining parties that have opined do not voice a desire to keep this action in federal court.

Altogether, the interests of fairness and the like are best served by this Court declining to exercise supplemental jurisdiction and remanding Plaintiff's state law claims to the Commonwealth court. *See Zell v. Ricci*, 957 F.3d at 17 (concluding state law claims are "best resolved in state court"); *Robinson v. Town of Marshfield*, 950 F.3d 21, 32 (1st Cir. 2020) (same); *Miller, at* 56 (declining jurisdiction over state claims promotes comity and fairness).

## CONCLUSION

For the reasons set forth above, Defendant García's Motion to Remand (**ECF No. 36**) is **GRANTED** and Plaintiff's Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. (**ECF No. 18**). This action is **REMANDED** to the Puerto Rico Court of First Instance, San Juan Superior Court, for further proceedings. All pending motions are **MOOT**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of March, 2023.

*/s/ María Antongiorgi-Jordán*
MARIA ANTONGIORGI-JORDAN
UNITED STATES DISTRICT JUDGE